# THE ATTORNEY GENERAL
## OF TEXAS
AUSTIN, TEXAS 78711



WAGGONER CARR
ATTORNEY GENERAL

June 20, 1966

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. C-713

Re: Construction of Article
26.04, Vernon's Code of Criminal
Procedure, in reference to
fees of attorneys appointed to
represent defendants who are
too poor to employ counsel.

Your opinion request to this office poses the following questions:

"1. Article 26.04, Texas Code of Criminal
Procedure, 1966, provides that 'whenever the Court
determines at an arraignment or at any time prior
to an arraignment that an accused charged with a
felony or a misdemeanor punishable by imprisonment
is too poor to employ counsel, the Court shall
appoint one or more practicing attorneys to de-
fend him.' When two or more attorneys are appointed
by the Court to defend a single defendant, is each
attorney entitled to receive a separate fee as
set out in the schedule under Article 26.05?

"2. In addition to the fees an attorney
may receive under Article 26.05, Section 1(a),
1(b), 1(d) or 1(e), C.C.P., 1966, for representing
an indigent accused, may he receive additional com-
pensation under Article 26.05, Section 1(c) for
his time on an hourly basis, or some other method
of compensation for doing investigation work in the
same case?

"3. If an appointed attorney is entitled
to receive the additional compensation inquired
about in question No. 2, is he entitled to compen-
sation for time expended by employees in his office
for doing investigation work in the same case?

"4. Where a single indigent defendant is
accused of two or more felonies and/or misdemeanors
punishable by imprisonment and the same attorney is
appointed to represent him in each case, may the

attorney be paid for his expenses of investigation under Article 26.05, Section 1(c), incurred in a case that is dismissed without trial?

"5.    Where two or more of the cases described in question No. 4 involving a single defendant are dismissed, may the attorney recover expenses incurred in each case, up to $250.00, when such might result in payment of more than $250.00 for expenses in the defense of a single defendant but in separate cases?

"6.    Article 26.05, Section 4, C.C.P., 1966, provides that 'an attorney may not receive more than one fee for each day in Court regardless of the number of cases in which he appears as appointed counsel on the same day.' Where an appointed attorney appears in more than one court, whether District Court, County Court or Justice Court, on the same day in defense of one or more defendants in different cases, may he receive more than one fee?

"7.    Under Section 2 of Article 26.05, C.C.P., 1966, the minimum fee is automatically allowed unless the trial judge orders more within five days of judgment. May more than the minimum fee be paid pursuant to a nunc pro tunc order entered in the minutes at the direction of the Court?"

As to the first question, it is the opinion of this office that when two or more attorneys are appointed by the Court to defend a single defendant, each attorney is entitled to receive a separate fee. Article 26.04, Vernon's Code of Criminal Procedure provides, in part that:

". . .one or more. . .attorneys may be appointed to defend an accused person in a given case." (Emphasis Added.)

Article 26.05, Section 1, Vernon's Code of Criminal Procedure, provides in part that:

". . .a counsel appointed to defend a person. . .shall be paid. . ." (Emphasis Added)

When these two Articles are construed together, it is obvious that the Legislature intended that each attorney

appointed by the Court should be paid in accordance with the provisions of Article 26.05.

Question two deals with Article 26.05, Section 1 (c), Vernon's Code of Criminal Procedure, which states with regard to compensation of counsel, "For expenses incurred for purposes of investigation and expert testimony, not more than $250.00". (Emphasis added) It is believed that this provision is intended to reimburse the attorney for money paid out for purposes of investigation and expert testimony and is not to be construed as allowing additional fees for service rendered to the indigent.

Question three is not answered since question two is answered in the negative. However, the appointed attorney is entitled to reimbursement of expenses of investigation or of expert testimony whether incurred by himself or by his employees working under his direction.

Question four asks whether or not the attorney may be reimbursed under Article 26.05, Section 1(c), Vernon's Code of Criminal Procedure for expenses in cases which are investigated but dismissed without trial. We held in Attorney General Opinion No. C-657 that Section 1(c) applies to examining trials, and that counsel who incurred expenses for investigation and expert testimony are entitled to be reimbursed therefor in accordance with said article. Furthermore, when the court appoints an attorney to represent an accused person, it is his duty to make an investigation of the facts and otherwise prepare for trial. If the case is dismissed the appointed attorney would not receive a fee and the Legislature could not have intended that the appointed attorney in such cases would not be reimbursed for money actually spent in preparation for the trial. We therefore are of the opinion that reimbursement under Section 1(c) does not depend upon whether the accused person is actually tried.

Question five inquires whether or not the attorney may receive his expenses under Article 26.05, Section 1(c), Vernon's Code of Criminal Procedure for each of the cases he investigates when the defendant is accused of two or more felonies and/or misdemeanors punishable by imprisonment. If the different offenses arise out of the same situation so that the facts and expert testimony for one offense would suffice for a defense of all the offenses, the attorney's recovery of expenses under Section 1(c) would be limited to $250.00. However, when several cases are involved, each of which arises out of a separate and distinct set of facts, the attorney may recover up to $250.00 for expenses incurred for each case which arises out of a separate and distinct fact situation, and which requires separate investigation and expert testimony.

Question six deals with the proper construction of Section four of Article 26.05 which reads:  "An attorney may not receive more than one fee for each day in Court, regardless of the number of cases in which he appears as appointed counsel on the same day."

In Attorney General Opinion No. C-639, dealing with compensation of an attorney under Article 26.05 it was held that:

> "If such attorney represents more than one defendant on the same day, he is entitled to compensation only once on that day."

Keeping this holding in mind, and reading Section 4 exactly as it is written, you are advised that an attorney is entitled to compensation only once per day in the representation of indigent defendants, irrespective of whether or not he may represent several different defendants in several different courts.

Question seven inquires whether payment of more than the minimum fee is proper pursuant to an order of the court entered of record nunc pro tunc more than five days after judgment.

Section 2 of Article 26.05 reads as follows:

> "The minimum fee will be automatically allowed unless the trial judge orders more within five days of the judgment."

In 33 Tex. Jur. 2d 516, it is said:

> "When at a particular term, a court rendered a judgment that failed of entry in the minutes or was not correctly entered therein, the Court may at a subsequent term, on proper evidence ascertain the facts and make an entry nunc pro tunc; the effect thereof is as if the judgment has been properly entered in due course."

On page 519, it is added that:

> "Usually, a judgment nunc pro tunc lies to correct a judgment actually rendered at the proper time but not properly

entered in the record. Therefore, unless the judgment sought to be entered was actually rendered at a preceding term, a judgment nunc pro tunc is generally not proper. Moreover, a judgment nunc pro tunc presupposes the rendition of a previous valid judgment."

The above statements explain that the purpose of a nun pro tunc entry and its only legitimate function is to evidence correctly in the records a court judgment, decree, or order actually made by it, but, for some reason, not entered of record at the proper time. You are advised that a nunc pro tunc entry of an order of the trial judge may be made to reflect that payment of fees in excess of the minimum was properly ordered within five days of the judgment. If the trial judge did not, within five days of the judgment, order more than the minimum fee, an entry of an order nunc pro tunc would not be proper.

## S U M M A R Y

1. When two or more attorneys are appointed by the Court to defend a single defendant, each attorney is entitled to receive a separate fee as set out in Article 26.05, Vernon's Code of Criminal Procedure.

2. Section 1(c) of Article 26.05 is intended to provide for the payment of expenses incurred by the appointed counsel and is not available as a means of extra compensation for services rendered to the indigent defendant.

3. The attorney is entitled to reimbursement of expenses, whether the expenses are incurred by himself or by his employees working under his direction.

4. An appointed attorney is entitled to be paid for his expenses under Section 1(c) of Article 26.05 whether the accused is put to trial.

5. The attorney may receive up to $250.00 for expenses for each case which arises out of a separate and distinct fact situation and which requires separate investigation and testimony.

6. Appointed counsel is entitled to compensation only once per day irrespective of whether he

may represent several different defendants in several different courts.

7. A nunc pro tunc entry of an order of the trial judge may be made to reflect that payment of fees in excess of the minimum was properly ordered within five days of the judgment. If the trial judge did not, within five days of the judgment, order more than the minimum fee, an entry of an order nunc pro tunc would not be proper.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By _Dunklin Sullivan_
Dunklin Sullivan
Assistant Attorney General

DS/pw

APPROVED

OPINION COMMITTEE

W. V. Geppert, Chairman
Thomas Mack
Robert E. Owen
Sam Kelley
Malcolm Quick
Larry Craddock

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright